UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PATRICIA B. PARKER-DAVIS,

    Plaintiff,

v.                                            CAUSE NO. 3:23-CV-374 DRL-MGG

STRIDE EDUCATION,

    Defendant.

OPINION AND ORDER

Patricia B. Parker-Davis, without a lawyer, sues K12 Services, Inc.[1] for disability discrimination. K12 moves to dismiss her case under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). K12 argues that Ms. Davis has not perfected service of process and consequently that the court lacks personal jurisdiction over K12.

A plaintiff must properly serve a defendant, and she typically has ninety days to do so, save for any extension that might be granted by the court for good cause. *See* Fed. R. Civ. P. 4(m); *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citation omitted). "[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over the defendant in the absence of valid service of process." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1403 (7th Cir. 1993). A defendant's objections to service "must be specific and must point out in what manner the plaintiff has failed to

---

[1] According to her retention letter, Ms. Parker-Davis was employed by Stride, Inc. or one of its subsidiaries. The defense says K12, a subsidiary of Stride, actually employed her, so the court addresses this suit as one against K12, not Stride.

satisfy the service provision utilized." *Id.* at 1400. The plaintiff bears the burden to demonstrate that the court has jurisdiction over the defendant through effective service. *See Cardenas*, 646 F.3d at 1005; *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

Rule 4 governs service of process, including on corporations. It requires service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h), or "upon an executive officer . . . or [upon] an agent appointed or deemed by law to have been appointed to receive service," Ind. Tr. R. 4.6(A)(1); *see also* Fed. R. Civ. P. 4(e)(1) (service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). For instance, this means that K12 could be sued through its president at the company's principal place of business or through its registered agent at the registered agent's address.

Ms. Parker-Davis filed her complaint on May 5, 2023. Her original ninety-day period would have run on August 3, 2023, but the court found good cause to extend the deadline to September 14, 2023. Thereafter she sent a summons and complaint to 3145 North Meridian Street, Indianapolis, Indiana 46208 on August 29, 2023, addressed to both "Geo Focus Academy" and "Stride Education." Though Geo Focus Academy may have been the locale where Ms. Parker-Davis worked, this private school was not her employer. Nor can GEO Focus Academy accept service of process for K12. Ms. Parker-Davis must serve K12—if in fact her proper employer. She has not done so on this record.

The question now is whether she deserves another chance. Service must be accomplished. "[T]he extent to which the plaintiff 'tried' to serve process should not be a factor as to whether a federal court has personal jurisdiction over a defendant," *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 302 (7th Cir. 1991), and "neither a party's *pro se* status nor [her] inexperience as a litigant

2

excuse [her] from complying with the requirements of Rule 4(m)." *Rose v. USPS*, 352 F. Appx. 82, 84 (7th Cir. 2009) (emphasis added).

When analyzing a service of process defect, the court "must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "Good cause means a valid reason for delay," *Coleman v. Milwaukee Bd. of Sch. Dirs.* 290 F.3d 932, 934 (7th Cir. 2002), despite some reasonable diligence, *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993). If she shows good cause, the court must extend the time for service for an appropriate period. *See Panaras*, 94 F.3d at 340 (citing Fed. R. Civ. P. 4(m)). Even without good cause, the court has the discretion to extend the time for service in consideration of several factors. *See Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021).

Whether good cause exists on this record, the court finds that the law favors one last extension for Ms. Parker-Davis to perfect service. For one, there seems to be some unusual complication in identifying not just the right defendant but the proper means of service. The employment letter indicates she was employed by Stride "or one of its subsidiaries"—something less than specific, particularly when the offer appears on Stride letterhead. Of course, her paychecks or tax documents likely would reveal to her the right entity that employed her.

The defense swears the right employer is K12 Services, Inc. This is a bit curious, because the Secretary of State seems to have no such entity registered to do business in Indiana, despite its apparent employment of individuals such as Ms. Parker-Davis at an Indiana private school. The Indiana Secretary of State shows "K12 Inc." as a former business name of Stride Learning, Inc. (also known in another state as Stride, Inc.). Both Stride and K12 Services, Inc. appear to have their principal places of business in Virginia, with Stride's registered agent in Indiana and K12's registered agent in Virginia. Although the defendant has not evaded service, the lack of facial clarity in the offer letter and the unusual lack of registration downstate complicates the effort at service.

Ms. Parker-Davis committed an honest mistake as to the legal status of GEO Focus Academy, and she endeavored to serve Stride, even if erroneously at the wrong address, so she has not acted without some diligence or good faith. In addition, under *Cardenas*, the defendant has actual notice of the suit; its ability to defend will not be impaired; and a dismissal, particularly one with prejudice as requested, would have the effect of preventing any refiling of this action and end the merits. *See also* 42 U.S.C. § 2000e-5(f)(1) (plaintiff has ninety days to file suit after receiving a right-to-sue letter). Though a couple factors may favor denying a further extension and dismissing the case, the factors overall favor an extension today. Indeed, given the complications with corporate registration noted already, there may well be a valid reason—good cause—for one more extension.

Service must be properly effectuated. Ms. Parker-Davis should confirm her employer's name with her records. She may file a motion to substitute parties should that be necessary. She must send both a summons and complaint to her right employer—on this record, the defense says that it K12 Services, Inc. The summons may be directed to K12's president or alternatively to the company's registered agent. The addresses for these two may be different. Sometimes counsel do both. Indiana and Virginia both have websites that permit individuals to search for the address of a company's principal office where the president would receive mail and alternatively where a company's registered agent would receive service.[2] If K12 will not waive service under Rule 4, Ms. Parker-Davis will need to place both the authorized summons and complaint in certified mail to K12, properly addressed and properly naming either the president (even generically) and sent to the address of the company's principal office, or to the name of the registered agent and sent to the registered agent's address. The court grants a final extension until December 11, 2023 to perfect service.

---

[2] *See* https://bsd.sos.in.gov/publicbusinesssearch (Indiana); https://cis.scc.virginia.gov/EntitySearch/Index (Virginia).

## CONCLUSION

Accordingly, the court DENIES K12's motion to dismiss [13], GRANTS Ms. Parker-Davis until December 11, 2023 to perfect service of process in accordance with Rule 4, and CAUTIONS her that the failure to perfect service of process by this deadline may result in the dismissal of her case.

SO ORDERED.

November 9, 2023                             *s/ Damon R. Leichty*
                                             Judge, United States District Court