UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PATRICIA B. PARKER-DAVIS,

Plaintiff,

v.                                              CAUSE NO. 3:23-CV-374 DRL-MGG

STRIDE EDUCATION,

Defendant.

OPINION AND ORDER

Patricia B. Parker-Davis, without a lawyer, sues K12 Services, Inc.[1] for disability discrimination. K12 previously moved to dismiss her case under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), arguing that the court lacked personal jurisdiction over K12 because Ms. Parker-Davis had not perfected service of process. The court denied the motion and granted Ms. Parker-Davis until December 11, 2023 to perfect service of process in accordance with Federal Rule of Civil Procedure 4. On December 14, 2023, Ms. Parker-Davis filed a notice that she had sent by certified mail, with a copy of the summons and the complaint to K12's CEO and President.

K12 again moves to dismiss the case under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), arguing that Ms. Parker-Davis still hasn't perfected service and thus this court does not have personal jurisdiction over K12. The court ordered Ms. Parker-Davis to file any response by January 23, 2024, warning her that the court may rule on the motion and dismiss the case if warranted. Ms. Parker-Davis has not filed a response.

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the

---

[1] According to her retention letter, Ms. Parker-Davis was employed by Stride, Inc. or one of its subsidiaries. The defense says K12, a subsidiary of Stride, actually employed her, so the court addresses this suit as one against K12, not Stride.

defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citation omitted). "[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over the defendant in the absence of valid service of process." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1403 (7th Cir. 1993). A defendant's objections to service "must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *Id.* at 1400. The plaintiff bears the burden to demonstrate that the court has jurisdiction over the defendant through effective service. *See Cardenas*, 646 F.3d at 1005; *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

Rule 4 governs service of process, including on corporations. It requires service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h), or "upon an executive officer . . . or [upon] an agent appointed or deemed by law to have been appointed to receive service," Ind. Tr. R. 4.6(A)(1); *see also* Fed. R. Civ. P. 4(e)(1) (service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

One of K12's administrative assistants, Terry Nickens, attests that K12 has not received the documents Ms. Parker-Davis says she mailed to K12 [22-1 ¶ 5]. Ms. Nickens also says the mailing address on Ms. Parker-Davis's package has not been the principal office address of K12 since May 2022 [*id.* ¶ 4]. Additionally, K12 notes that the documents K12 included in her docketed notice do not show that the mail was delivered. Rather, the USPS tracking update shows that the package was forwarded to a different address because the mailing address Ms. Parker-Davis entered was incorrect [20-1 at 1]. A picture of the postage label has a sticker on it that reads "return to sender" and "unable to forward" [*id.* 2].

Service must be accomplished. "[T]he extent to which the plaintiff 'tried' to serve process should not be a factor as to whether a federal court has personal jurisdiction over a defendant," *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 302 (7th Cir. 1991), and "neither a party's *pro se* status nor [her] inexperience as a litigant excuse [her] from complying with the requirements of Rule 4(m)." *Rose v. USPS*, 352 F. Appx. 82, 84 (7th Cir. 2009) (emphasis added). Ms. Parker-Davis has made no showing of good cause for her failure to perfect service. *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Ms. Parker-Davis has had two extensions of her time to serve already [*see* 10, 19]. She has received direction from the court about service before. She has not responded to K12's motion to dismiss today. The court does not have personal jurisdiction over K12 under the law. The case must be dismissed.[2]

Accordingly, the court GRANTS K12's motion to dismiss [21] and DISMISSES Ms. Parker-Davis's case without prejudice.

SO ORDERED.

March 29, 2024                                                           *s/ Damon R. Leichty*
                                                                                        Judge, United States District Court

---

[2] K12 asks the court to dismiss the case with prejudice, but dismissals for lack of personal jurisdiction are "necessarily without prejudice." *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022).

3